United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 11-15759-jkf
Karin Williamson                                                    Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin            Page 1 of 2           Date Rcvd: Jul 21, 2017
                              Form ID: 3180W         Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 23, 2017.
```
db              +Karin Williamson,    1005 Stratford Ave.,     Elkins Park, PA 19027-3026
13700556         BCAT 2014-6TT,   c/o Shellpoint Mortgage Servicing,    PO Box 10826,   Greenville, SC 29603-0826
12633786        +First National Bank of Omaha,    Commonwealth Financial, Inc.,    245 Main St.,
                  Dickson City, PA 18519-1641
13917729        +ROUNDPOINT MORTGAGE SERVICING CORPORATION,    5016 PARKWAY PLAZA BLVD, SUITE 200,
                  CHARLOTTE, NC 28217-1930
12650615        +Sadek Law Offices, LLC,    1315 Walnut Street,    Suite 804,   Philadelphia, PA 19107-4708
12565013         US Department of Education,    PO Box 5609,   Greenville, TX 75403-5609
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: bankruptcy@phila.gov Jul 22 2017 01:27:31      City of Philadelphia,
                  City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                  Philadelphia, PA  19102-1595
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 22 2017 01:26:36
                  Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                  Harrisburg, PA  17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jul 22 2017 01:27:21      U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
12500902        +EDI: AFNIRECOVERY.COM Jul 22 2017 01:28:00      Afni, Inc.,   PO Box 3667,
                  Bloomington, IL 61702-3667
12544642         EDI: BECKLEE.COM Jul 22 2017 01:28:00      American Express Centurion Bank,
                  c o Becket and Lee LLP,    POB 3001,   Malvern, PA 19355-0701
12509419        +EDI: TSYS2.COM Jul 22 2017 01:28:00      Department Stores National Bank/Visa,
                  Bankruptcy Processing,    PO Box 8053,   Mason, OH 45040-8053
12509340         EDI: DISCOVER.COM Jul 22 2017 01:28:00      Discover Bank,   DB Servicing Corporation,
                  PO Box 3025,   New Albany, OH  43054-3025
12604701        +E-mail/Text: ECF@SHERMETA.COM Jul 22 2017 01:27:12      Mercedes-Benz Credit Corporation,
                  c/o Shermeta, Adams & Von Allmen, P.C.,    P O Box 80908,   Rochester Hills, MI 48308-0908
12552991         EDI: PRA.COM Jul 22 2017 01:23:00      Portfolio Recovery Associates, LLC,    POB 41067,
                  Norfolk VA 23541
12511717        +EDI: WFFC.COM Jul 22 2017 01:28:00      Wells Fargo Bank, N.A.,    Bankruptcy Department,
                  Wells Fargo Bank, N.A.,   One Home Campus MAC X2302-04C,    Des Moines, IA 50328-0001
                                                                                              TOTAL: 10

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 23, 2017                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 20, 2017 at the address(es) listed below:
```
              ANDREW F GORNALL    on behalf of Creditor    WILMINGTON SAVINGS FUND SOCIETY et al...
               agornall@kmllawgroup.com,    bkgroup@kmllawgroup.com
              BRAD J. SADEK    on behalf of  Brad J. Sadek brad@sadeklaw.com
              BRAD J. SADEK    on behalf of Debtor Karin  Williamson brad@sadeklaw.com
              DANIELLE BOYLE-EBERSOLE    on behalf of Creditor    Wilmington Savings Fund Society, FSB et al c/o
               Rushmore Loan Management Services debersole@hoflawgroup.com,    bbleming@hoflawgroup.com
              JEROME B. BLANK    on behalf of Creditor    Newlands Asset Holding Trust Care Of US Bank Trust NA
               paeb@fedphe.com
              JOSEPH ANGEO DESSOYE    on behalf of Creditor    Bank of America, N.A., as Servicer for the
               Mortgagee of Record paeb@fedphe.com
              MARIO J. HANYON    on behalf of Creditor    Roundpoint Mortgage Servicing Corporation
               paeb@fedphe.com
              PETER J. MULCAHY    on behalf of Creditor    Wells Fargo Bank, N.A. paeb@fedphe.com
```

```
District/off: 0313-2           User: admin             Page 2 of 2              Date Rcvd: Jul 21, 2017
                               Form ID: 3180W          Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          THOMAS I. PULEO    on behalf of Creditor    Wilmington Savings Fund Society, FSB et al c/o Rushmore Loan Management Services tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com, philaecf@gmail.com
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                           TOTAL: 12

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Karin Williamson** | Social Security number or ITIN  **xxx–xx–7078** |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Eastern District of Pennsylvania**

Case number:  **11–15759–jkf**

# Order of Discharge                                                                                                             12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

    Karin Williamson
    aka Karin Williamson Clark

7/20/17                                                                                       **By the court:**      <u>Jean K. FitzSimon</u>
                                                                                                               United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**